MATTER OF STEVENS

In Deportation Proceedings

A-21170430

*Decided by Board August 31, 1977*

(1) Operations Instruction 242.1(a)(28) published April 27, 1977, which sets forth Service policy not to seek the deportation of aliens convicted of simple possession of a minimal amount of marihuana, applies only to aliens lawfully admitted for permanent residence. This operations instruction does not apply to nonimmigrant aliens.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of a violation of law or regulation relating to the illicit possession of hashish

ON BEHALF OF RESPONDENT: Ronald T. Mitchell, Esquire
P.O. Box 696
St. Thomas, Virgin Islands 00801

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

The case is before us on motion of the Service requesting that we reconsider our decision dated April 27, 1977, in which we remanded the record to the immigration judge. The primary basis for our decision was our understanding that it was the present Service policy not to seek the deportation of aliens convicted of simple possession of a minimal amount of marihuana.[1] Therefore, as the record did not contain information on the amount of hashish involved, we remanded. The Service now contends that its aforementioned policy does not pertain to nonimmigrants, but solely to lawful permanent residents.

We recognize that the respondent was admitted to the United States as a nonimmigrant temporary worker on April 13, 1974, and that he received extensions until April 11, 1977. As we noted in our prior decision, the date given for the respondent's conviction on the Order to Show Cause was not the same as the date on his record of conviction. However, the respondent clearly admitted the truth of all of the allegations contained in the Order to Show Cause (Tr. p. 3 & 4) and he was

---

[1] See the Service's Operations Instructions, O.I. 242.1(a)(28), as amended April 27, 1977.

represented by counsel at the deportation hearing. Therefore, the respondent was correctly found deportable by clear, convincing and unequivocal evidence.

The respondent is clearly deportable within the meaning of section 241(a)(11) of the Act regardless of the amount of hashish involved. Inasmuch as the Service has taken the position that this respondent does not fall within the aforementioned policy of the Service, because he is not a lawful permanent resident, no purpose would be served in remanding the record for a redetermination in light of this policy.

We note that the statement of Service policy presents no hard and fast relief from deportation and we have no authority to review a decision by the Service refusing to either defer the issuance of an Order to Show Cause[2] or to stay deportation.[3]

Accordingly, the motion will be granted and the appeal dismissed.

ORDER: The motion for reconsideration is granted.

FURTHER ORDER: The appeal is dismissed.

---

[2] See *Matter of Lennon*, Interim Decision 2304 (BIA 1974); *Matter of Merced*, 14 I. & N. Dec. 644 (BIA 1974); *Matter of Gallares*, 14 I. & N. Dec. 250 (BIA 1972); *Matter of Geronimo*, 13 I. & N. Dec. 680 (BIA 1971).

[3] See *Matter of Paduano*, 13 I. & N. Dec. 658 (BIA 1971).